UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN B. BOWLING, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  No. 1:17-cv-00493-WTL-DKL |
| TINA  JORDAN, CORIZON, STANLEY  KNIGHT Supt., JOHN  DOE #1, JANE  DOE #1, KEITH  HARTZEL Asst. Supt., JOHN  DOE #2, JANE  DOE #2, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Insufficient Claims, and Directing Service of Process**

### I.  Screening

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The plaintiff, Steven B. Bowling ("Mr. Bowling"), is confined at the New Castle Correctional Facility. The alleged incidents occurred at Plainfield Correctional Facility ("Plainfield"). He names the following defendants: 1) Tina Jordan; 2) Corizon; 3) Superintendent Stanley Knight; 4) Assistant Superintendent Keith Hartzel; and 5) John and Jane Does. He seeks compensatory and punitive damages and injunctive relief. The Court discerns that his claims are

brought pursuant to 42 U.S.C. § 1983, under which a plaintiff must allege that a state actor violated his constitutional rights.

Mr. Bowling alleges that on December 25, 2015, he broke his nose and Nurse Jordan refused to see him to treat his nose. He alleges that Nurse Jordan falsely represented that Mr. Bowling refused treatment.

Mr. Bowling alleges that Corizon failed to properly supervise Nurse Jordan and assure that she was following protocol. He does not allege that his injuries were the result of a policy or practice of Corizon. Corizon is a corporate entity that is not vicariously liable for misdeeds of its employees, and can only be liable if it maintains a policy or practice that causes a constitutional harm. "The central question is always whether an official policy, however, expressed…caused the constitutional deprivation." *Glisson v. Indiana Department of Correction, et al.,* No. 15-1419, 2017 WL 680350 (7th Cir. Feb. 21, 2017); *see also Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008); *Woodward v. Correctional Medical Services of Illinois, Inc.,* 368 F.3d 917, 927 (7th Cir. 2004) (Corizon can be liable "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.") (internal quotation omitted). Based on these allegations, the claim against Corizon is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Bowling further alleges that Superintendent Knight and Assistant Superintendent Hartzel are responsible for assuring that their employees are following protocol. These claims are based on these defendants' supervisory positions. "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemsich,* 555 F.3d 592, 594 (7th Cir. 2009). Merely naming supervisors or high level officials as defendants who did not participate in or direct or consent to the constitutional violation does

not state a viable claim because *respondeat superior* is not sufficient to support a § 1983 claim. *See Childress v. Walker,* 787 F.3d 433, 439-40 (7th Cir. 2015); *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010) ("It is well established that there is no *respondeat superior* liability under § 1983."); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005). The claims against Superintendent Stanley Knight and Assistant Superintendent Keith Hartzel are **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Bowling also alleges that John or Jane Doe is the officer in charge of assisting Nurse Jordan in retrieving offenders from their cell for sick call and for assuring that offenders sign a refusal for treatment. To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must name the individuals who personally participated in the alleged wrongdoing. Any claim brought against **John or Jane Doe Officers** is **dismissed** because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Any claim for injunctive relief is **denied as moot** because Mr. Bowling is no longer incarcerated at Plainfield. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."); *Higgason v. Farley,* 83 F.3d 807 (7th Cir. 1996) (same).

No partial final judgment shall issue regarding the claims that are dismissed in this Entry.

## II. Service of Process

Only the claim of deliberate indifference to a serious medical need, under the Eighth Amendment, shall proceed against Nurse Tina Jordan.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process electronically to defendant Tina Jordan in the manner specified by Rule 4(d). Process shall consist of the complaint filed on February 15, 2017 (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The plaintiff shall report any changes of address within seven (7) days.

The clerk shall **update the docket** to reflect the **dismissal** of the claims against Corizon, Superintendent Stanley Knight, Assistant Superintendent Keith Hartzel, and the John and Jane Doe defendants.

**IT IS SO ORDERED.**

Date: 2/28/17

*[signature: William T Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

*By United States mail to:*

STEVEN B. BOWLING
113869
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

*Electronically to:*

Nurse Tina Jordan
Employee
Plainfield Correctional Facility
Electronic Service Participant – Court Only

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**